UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X

MATHIEU NZOUNKEU and ALICE NJIPTCHUE,

                     Plaintiffs,        Civil Action No.: 20 Civ.

        -against-

                                            **Complaint and Jury Demand**

PATRICE NOUMA,

                     Defendant.

----------------------------------------------------------------X

Plaintiffs, Mathieu Nzounkeu and Alice Njiptchue ("Plaintiffs"), by their attorney, Corey Stark PLLC, complain of Defendant and respectfully allege to the Court as follows:

## NATURE OF THE CASE

1. This is a civil action for defamation and injunctive relief.

2. This action arises from the publishing by Defendant, in Facebook, of defamatory material involving false claims that Plaintiffs committed criminal and other improper conduct.

3. Defendant's comments were malicious and constitute defamation *per se,* and, as a result, Plaintiffs have suffered injury to their reputations and are entitled to recover compensatory and punitive damages from Defendant as well as injunctive relief.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this action under 28 U.S.C. Section 1332, in that the amount in controversy exceeds seventy-five thousand dollars

($75,000.00), Defendant is a resident of the State of New Jersey, and Plaintiffs are citizens of a foreign country.

5. Venue is proper in this District because Defendant resides in New Jersey and the acts and/or omissions giving rise to the claims herein are alleged to have taken place in New Jersey.

## PARTIES

6. Plaintiff Mathieu Nzounkeu ("Nzounkeu") is a resident of the Republic of Cameroon.

7. Nzounkeu is a successful businessman with international business interests.

8. Nzounkeu is married to Plaintiff Alice Njiptchue ("Njiptchue").

9. Njiptchue is also a resident of the Republic of Cameroon.

10. Patrice Nouma ("Defendant") is a resident of Lyndhurst, New Jersey, and a native of the Republic of Cameroon.

11. Defendant is a Cameroonian political activist with over 41,842 followers on Facebook.

12. This action arises out of Defendant's wrongful, illegal, tortious, and defamatory conduct.

## FACTS

13. Defendant committed the following acts knowingly, intentionally, and willfully.

14. On March 7, 2020, Defendant intentionally made numerous false and defamatory assertions about Nzounkeu through a public Facebook posting including, but

2

not limited to, the following: that Nzounkeu engages in human sacrifices and high witchcraft known as "Famlah;" that Nzounkeu extracts bones and organs from human graves; that Nzounkeu removes digits from living persons; and that Nzounkeu has murdered over twenty-five (25) people.

15. Those Defendant knowingly, intentionally, and falsely claimed that Nzounkeu has murdered include, but are not limited to, the following: Yaheu Jacques; Fotso Fabrice; Tankoua Jantou; Namoa Mathieu; Ngongan Pauline; Wete Jean Watt; Tchapda Bon Marche; Tchapda Moise; Njiongang Marie; Tchakounte Noe; Tchuidjang Robert; Pango Martin; Yomba Jean; Seudjo Emilienne; Ngassam Pauline; Ngounou Francois; Azambou Richard; Ngassam Pauline, and numerous children.

16. In the same Facebook posting Defendant knowingly, intentionally, and falsely claimed that Njiptchue lures numerous young men to hotels to murder them and harvest their organs.

17. In addition to publishing these knowingly and intentionally falsely statements on Facebook, the same statements have been shared over 450 times and re-published at least two additional times.

18. Plaintiffs have asked Defendant to remove the postings and print a retraction because the statements are false, but Defendant has ignored Plaintiffs' requests.

## AS AND FOR A FIRST COUNT
*(Defamation/Defamation* **Per Se***)*

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "18" inclusive with the same force and effect as if fully set forth at length herein.

20. Defendant intentionally published numerous false and defamatory statements about Nzounkeu including, but not limited to, assertions that he had engaged in human sacrifices and high witchcraft known as "Famlah," extracted bones and organs from human graves, removed digits from living persons, and murdered more than twenty-five (25) people.

21. Defendant intentionally published numerous false and defamatory statements about Njiptchue, including, but not limited to, assertions that she lures young men to hotels to murder them and harvest their organs.

22. Defendant made these defamatory statements maliciously and with intent to destroy Plaintiffs' reputations.

23. Defendant's defamatory statements falsely stating that Plaintiffs engaged in egregious criminal acts constitute defamation *per se*.

24. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, mental anguish, humiliation, and distress.

25. As the result of Defendant's conduct, Plaintiffs have also suffered damage to their business interests.

26. As a direct and proximate result of Defendant's conduct, the reputations of Plaintiffs have been damaged and Plaintiffs have sustained losses in an amount that will be established at trial.

### AS AND FOR A SECOND COUNT
(*Injunctive Relief and Restraining Order*)

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "26" inclusive with the same force and effect as if fully set forth at length herein.

28. Plaintiffs have been and continue to be irreparably harmed and have no adequate remedy at law.

29. Defendant's actions constitute ongoing defamation which, if not enjoined, will continue to further damage Plaintiffs, entitling Plaintiffs to a restraining order and temporary and permanent injunctions restraining and enjoining Defendant from continuing to publish the aforesaid defamatory statements.

**WHEREFORE,** Plaintiffs demand the following relief:

(a) on the First Count of the Complaint a judgment against Defendant for compensatory and punitive damages, together with attorneys' fees and costs;

(b) on the Second Count of the Complaint a temporary restraining order and preliminary and permanent injunctions restraining and enjoining Defendant from making false and defamatory statements about Plaintiffs, and punitive damages together with attorneys' fees and costs; and

(c) on both counts of the Complaint for such other and further relief as the Court deems appropriate.

COREY STARK PLLC

/s/ Corey Stark
By: Corey Stark
*Attorney for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York  10022
(212) 324-3705

## JURY DEMAND

Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
April 30, 2020

                               COREY STARK PLLC

                               /s/ Corey Stark
                               By: Corey Stark (CS-3897)
                               *Attorney for Plaintiff*
                               110 East 59th Street, 22nd Floor
                               New York, New York  10022
                               (212) 324-3705